UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREGORY JONES,<br><br>    Plaintiff,<br><br>v.<br><br>YVONNA ABRAHAM, et al.,<br><br>    Defendants. | Case No. 25-cv-11589<br><br>Honorable Robert J. White |

**ORDER (1) GRANTING PLAINTIFF'S IFP APPLICATION, (2) PARTIALLY DISMISSING THE COMPLAINT, AND (3) DIRECTING SERVICE UPON REMAINING DEFENDANTS**

Before the Court is *pro se* Plaintiff Gregory Jones' application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, (2) dismiss only Plaintiff's claims against two judges and his request for injunctive relief, and (3) direct service on the remaining defendants.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Defendants in this case are Judge Yvonna Abraham of Michigan's Third Circuit Court; Judge Patricia P. Fresard, the Third Circuit's Chief Judge; Zanell B. Brown, an Americans with Disabilities Act (ADA) Coordinator at the state court;

and Frank Hardester, another state-court ADA Coordinator. (ECF No. 1, PageID.1-2). According to Plaintiff, he is a disabled veteran who requested remote proceedings in the state court, but Defendants denied his accommodation request and "effectively forc[ed] him into court appearances and eventually incarceration, in violation of the ADA and basic due process." (ECF No. 1, PageID.2).

Plaintiff alleges that Judge Abraham "acted outside her jurisdiction, refused to hear motions, and deliberately ordered Plaintiff into incarceration despite knowing his medical vulnerability and receiving repeated ADA accommodations requests." (ECF No. 1, PageID.1). Plaintiff also asserts that Judge Abraham ordered a jail sentence after he missed just one court date, although she knew he had been hospitalized at the time. (ECF No. 1, PageID.2). And according to Plaintiff, "it was later discovered that the court docket was unlawfully altered to reflect a different case initiation date, suggesting that Judge Abraham never had lawful jurisdiction over the matter and acted outside the law." (ECF No. 1, PageID.3).

Plaintiff alleges that Chief Judge Fresard was notified of such issues but, despite holding administrative responsibility over ADA enforcement and judicial conduct, took no action. (ECF No. 1, PageID.1-3). And Plaintiff alleges that both Brown and Hardester improperly failed to act on, or else denied without justification, his formally requested accommodations. (ECF No. 1, PageID.2-3). Further, Plaintiff asserts that Defendants' conduct (1) "collectively constitute[s] a pattern of

3

conspiracy, judicial abuse, ADA non-compliance, and reckless disregard for the life of a disabled veteran" and (2) "amount[s] to an intentional scheme to endanger and potentially kill the Plaintiff by exposure to COVID-19, tuberculosis, and medical neglect [sic]." (ECF No. 1, PageID.3).

Plaintiff asserts claims against all Defendants for (1) violation of his civil rights, specifically due process, under 42 U.S.C. § 1983; (2) violation of the ADA; (3) deliberate indifference to his medical needs; (4) conspiracy to deprive his rights; and (5) intentional infliction of emotional distress. (ECF No. 1, PageID.3). Plaintiff seeks $500,000,000.00 in damages, as well as "injunctive relief as necessary to prevent further violations." (ECF No. 1, PageID.4).

As an initial matter, all claims for monetary damages against Judge Abraham and Chief Judge Fresard (the judicial defendants) are barred by judicial immunity. *See Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) (unpublished) ("A judge is immune from a suit for money damages. There are only two sets of circumstances in which judicial immunity does not attach to a judge's acts: (1) if the judge's actions were non-judicial; or (2) if the judge performed the actions in the complete absence of all jurisdiction.") (cleaned up).

First, to the extent Plaintiff alleges that "it was later discovered that the court docket was unlawfully altered to reflect a different case initiation date, suggesting that Judge Abraham never had lawful jurisdiction over the matter and acted outside

4

the law" (ECF No. 1, PageID.3), this does not defeat the judicial defendants' entitlement to immunity. Accepting as true that one or both judges were responsible for improperly altering case information, immunity still applies. *See Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("Judicial immunity exists even where a judge acts corruptly or with malice."). And whether such conduct indeed deprived Judge Abraham of jurisdiction to consider Plaintiff's accommodation requests (or his case altogether) is a legal determination the Court cannot make with the limited facts available from Plaintiff's complaint, even accepted as true at this stage. *See Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) ("we err on the side of granting [judicial] immunity in close cases") (citation omitted).

Next, and most importantly, judges are absolutely immune from claims concerning the denial accommodations under the ADA. *See Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) ("Badillo's claim for money damages against [Judge] Thorpe based upon the ADA . . . is barred by the doctrine of absolute judicial immunity."); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (judge entitled to absolute immunity concerning decision to deny the hearing-impaired plaintiff's request for videotext display during court proceedings). Accordingly, all claims for monetary damages against Judge Abraham and Chief Judge Fresard—because they arise from the alleged failure to accommodate Plaintiff's disability—are dismissed.

5

As it relates to injunctive relief against the judicial defendants, this, although technically available, is unwarranted here. Specifically, Plaintiff fails to allege facts showing an *immediate* threat that the judicial defendants, or any defendant for that matter, would *again* violate his rights. *See Hearring v. Sliwowski*, 806 F.3d 864, 868 (6th Cir. 2015) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)) ("To establish standing for a forward-looking injunction, a party must show a threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical."); *Simmons v. Cnty. of Wayne*, No. 22-11953, 2023 U.S. Dist. LEXIS 185424, at *10 (E.D. Mich. Oct. 16, 2023) ("Plaintiff also has no standing to pursue injunctive relief against Judge Thomas as there is no showing of any real and immediate threat of future injury to Plaintiff from Judge Thomas."); *Badillo v. Thorpe*, 158 F. App'x at 211 ("Because Badillo does not allege that he faces an immediate threat that [Judge] Thorpe or [Court Administrator] Benefiel will again violate his rights, we discern no error in the district court's denial of injunctive relief under the ADA . . . ."). Given this deficiency, Plaintiff is not entitled to injunctive relief.

Lastly, concerning the remaining claims for money damages against Defendants Brown and Hardester, the state-court ADA coordinators, these may proceed. *See Duvall*, 260 F.3d at 1133-35 (where the judge was immune, allowing ADA and related claims against a court ADA coordinator to advance to trial because

6

the record did not sufficiently show "that her decision to refuse videotext display was functionally comparable to the type of decision made by a judge").

\* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 2) is DISMISSED IN PART.

The Court further ORDERS that all Plaintiff's claims for injunctive relief, as well as all his claims against Judge Abraham and Chief Judge Fresard, are DISMISSED.  The remaining claims are those for money damages against Defendants Brown and Hardester only.

The Court further ORDERS that a copy of the complaint and a copy of this order be served upon the remaining defendants by the United States Marshal without prepayment of costs.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: August 8, 2025                         s/Robert J. White
                                              Robert J. White
                                              United States District Judge